**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS**

| | | |
|---|---|---|
| **UNITED STATES** | ) | |
| | ) | |
| | ) | |
| **v.** | ) | **CASE NO. 4:15-cr-00300-BRW** |
| | ) | |
| **THEODORE E. SUHL** | ) | |

**OBJECTION TO MOTION FOR HEARING REGARDING CONFLICT OF INTEREST**

Comes now, Charles A. Banks, co-counsel for Theodore E. Suhl, and for his Objection to Motion for Hearing Regarding Conflict of Interest, states as follows:

This counsel has represented Ted Suhl, along with a number of other attorneys, for the past four years. That has been a matter of public record, public comment, and there has been no assertion of conflict by Mr. Jones, nor has there been an assertion that any discussions have not been kept confidential. See all exhibits attached as to government's motion.

A reading of Rule 1.18 and Rule 1.9 of the Arkansas Rules of Professional Conduct do not appear applicable to the facts to the government's proposed conflict. DOJ counsel both ignore and fail to note in its motion that discussions had with Mr. Jones have been maintained as confidential. In fact, except for the government's raising of this issue and copies of their letters to the Williams & Connolly trial team, neither the client Suhl nor the lawyers have been told of a meeting with Jones or any facts that transpired in the meeting that could be used to his detriment. There have been no plans, discussions, or even inferences that would suggest that this counsel would present any facts in this trial that were derived from the conversation, which has been kept privileged and confidential.

It is unclear what protection that the United States is trying to provide to Jones by a hearing. It seems almost that the DOJ lawyers are trying to create a conflict that doesn't exist, or

refuse to believe that prospective client discussions would be afforded privilege and kept confidential. Therefore, Defendant Suhl objects to a proceeding as outlined in the United States' motion for a hearing, independent counsel, or other actions by the Court as excessive and unnecessary.  This counsel is confident Mr. Suhl will waive any conflict.

In conclusion, Mr. Suhl and counsel will abide by the Court's decision regarding whether or not a hearing is necessary.  Counsel respectfully and sincerely requests that, in the event a hearing is set, it <u>not</u> be held on Wednesday or Thursday, June 22 or 23, which are long-held deposition dates that include out-of-town attorneys, and a last minute change would be extraordinarily disruptive and financially detrimental.

Respectfully submitted,

BANKS LAW FIRM, PLLC

100 Morgan Keegan Dr., Ste. 135
Little Rock, Arkansas 72202
(501) 280-0100 (telephone)
(501) 280-0166 (facsimile)

By: /s/ *Charles A. Banks*
Charles A. Banks (73004)
cbanks@bankslawfirm.us

**CERTIFICATE OF SERVICE**

I hereby certify that on June 21, 2016, I provided an electronic copy of the foregoing to all counsel of record via the CM/ECF system.

/s/ *Charles A. Banks*