**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS**

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | |
| v. ) | **CRIMINAL NO. 4:15-cr-300** |
| ) | |
| **THEODORE E. SUHL,** ) | |
| ) | |
| **Defendant.** ) | |

**REPLY TO OBJECTION TO MOTION FOR HEARING REGARDING CONFLICT OF INTEREST**

The government, by the undersigned attorneys for the Department of Justice, Criminal Division, Public Integrity Section, replies to the defense's Objection to Motion for Hearing Regarding Conflict of Interest (ECF No. 54), as follows:

The government takes no position as to whether Mr. Banks needs to be disqualified from his representation of the defendant. The government has raised the conflict issue solely to ensure that both the defendant and Mr. Jones are adequately advised of the conflict and are given an opportunity to waive or decline to waive the conflict as provided for in Arkansas Rule of Professional Conduct 1.18.

The defense contends that there is no conflict because no confidential information learned during Mr. Banks's consultation with Mr. Jones has been shared with Mr. Banks's current client, the defendant. But it is the mere possession of that information that creates the conflict, not the sharing or deployment of such information. *See* Ark. R. Prof'l Cond. 1.18(d) ("When the lawyer has *received* disqualifying information as defined in paragraph (c), representation is permissible if: (1) both the affected client and the prospective client have given informed consent, confirmed in writing." (emphasis added)). Further, the very fact that Mr. Banks has not shared the confidential information with his current client is what gives rise to the conflict as to the defendant:

1

Mr. Banks has information that could be beneficial to the defendant and yet he is precluded from sharing that information or acting upon it because of his duty of confidentiality. Conversely, Mr. Banks's mere possession of that information gives rise to a conflict as to his former potential client, Mr. Jones, because it is possible that the confidential information *could* adversely impact Mr. Jones if disclosed. Thus, it is the government's position that both the defendant and Mr. Jones should be apprised on the record of the conflict as to each and should be given an opportunity to make an informed decision as to whether the conflict should be waived.

    Respectfully submitted,

    RAYMOND HULSER
    Chief, Public Integrity Section

By: */s/ John D. Keller*
    John D. Keller
    Lauren Bell
    Amanda R. Vaughn
    United States Department of Justice
    Public Integrity Section
    1400 New York Ave. NW, 12th Floor
    Washington, DC 20005
    (202) 514-1412
    John.Keller2@usdoj.gov

## **CERTIFICATE OF SERVICE**

  I hereby certify that on June 21, 2016, I provided an electronic copy of the foregoing to the defendant's counsel of record.

            /s/*John D. Keller*
            John D. Keller
            Trial Attorney