

**RE: United States v. Suhl, 4:15-CR-00300-BRW**

**Matt Morgan**  to: Keller, John (CRM), Vaughn, Amanda (CRM), aromain@wc.com, bookerfirm@gmail.com, Chuck Banks, hickslawoffice@yahoo.com, Bell,     06/21/2016 07:26 PM

Cc: "Melanie_Beard@ared.uscourts.gov"
Bcc: Forrest Dunn

These things are on my mind.

Can independent counsel consult with anyone other than Mr. Suhl?  If not, why not?

If Mr. Jones and Mr. Suhl waive any conflict, is there still a problem of any nature, if so, what?

It seems untoward to me that the prosecution can set in force a procedure which would require appointment of independent counsel; yet the government has no procedure or provision whereby it can compensation independent counsel.

Unless the prosecution can cite me to some authority that prohibits this, I might order government to pay independent counsel's fee (assuming independent counsel is appointed) and let the Eighth Circuit decide whether I had this authority.  Surely there is some provision or procedure where the government has paid for independent counsel in cases such as this.  If there is not, there ought to be.

Please respond to the above forthwith.  If I recall, Mr. Banks may be out of pocket Wednesday and Thursday, but I assume his co-counsel and provide suggestions in his absence.

Keep those cards and letters coming.  I want to be more fully advised in the premises since this is somewhat of an unusual situation (at least for me).

In view of the issues presented, it is crucially important that Mr. Jones and at least one of his lawyers be present next week.

Unless my view changes, I believe we will need to have the hearing next week rather than wait until the 11th.

If both Mr. Jones and Mr. Suhl provide affidavits waiving any and all potential conflicts, would this remove the necessity for a hearing next week?

Cordially,

B.R. Wilson

P.S. Some answers may have been provided by the prosecution's email of 5:54 today since it was sent after the above was dictated.

---

| "Keller, John (CRM)" | Your Honor, The government does not conte... | 06/21/2016 05:54:29 PM |

From:     "Keller, John (CRM)" <John.Keller2@usdoj.gov>
To:     Chuck Banks <cbanks@bankslawfirm.us>,
Cc:     "matt_morgan@ared.uscourts.gov" <matt_morgan@ared.uscourts.gov>, "Vaughn, Amanda (CRM)" <Amanda.Vaughn@usdoj.gov>, "aromain@wc.com" <aromain@wc.com>, "bookerfirm@gmail.com" <bookerfirm@gmail.com>, "hickslawoffice@yahoo.com" <hickslawoffice@yahoo.com>, "Bell, Lauren (CRM)" <Lauren.Bell2@usdoj.gov>, "rcary@wc.com" <rcary@wc.com>, "slatcovich@wc.com" <slatcovich@wc.com>, "tharris@wc.com" <tharris@wc.com>, "todudley@swbell.net" <todudley@swbell.net>, "Melanie_Beard@ared.uscourts.gov" <Melanie_Beard@ared.uscourts.gov>
Date:     06/21/2016 05:54 PM

Subject:    RE: United States v. Suhl, 4:15-CR-00300-BRW

Your Honor,

The government does not contend that this conflict requires the withdrawal of Mr. Banks, if Mr. Suhl waives the conflict after being advised of his rights, pursuant to Arkansas Rule of Professional Conduct 1.18(d).  The government's only interest is having the conflict addressed fully on the record so that there is no confusion later as to what Mr. Suhl knew or understood.  Under the same rule, Mr. Jones also would need to waive, but Mr. Jones's waiver does not implicate Mr. Suhl's Sixth Amendment right to conflict-free counsel.

The government understands the potential conflict as follows: (1) Mr. Banks has a duty of loyalty to both Mr. Jones as a former prospective client who the government understands shared confidential information with Mr. Banks and to Mr. Suhl, his current client; (2) If Mr. Jones were to testify inconsistently with what he told Mr. Banks during their consultation(s), Mr. Banks would have valuable impeachment information; (3) this would put Mr. Banks in the position of having to choose between his duty of loyalty to Mr. Jones and his duty of loyalty to Mr. Suhl—on the one hand, Mr. Banks's duty of loyalty to Mr. Jones would bar him from using or sharing the information with Mr. Suhl or his other counsel; on the other hand, Mr. Banks's duty of loyalty to Mr. Suhl would require him to use or share the information.

The Eighth Circuit in *United States v. Edelmann*, 458 F.3d 791, 807 (8th Cir. 2006) set out the procedure that the government contends is applicable here:

> *Whenever the court's inquiry reveals that a criminal defendant's attorney in fact suffers from an actual or potential conflict, the court has a subsequent 'disqualification/waiver' obligation. If the court discovers that the attorney suffers from a severe conflict—such that no rational defendant would knowingly and intelligently desire the conflicted lawyer's representation—the court is obligated to disqualify the attorney. If the conflict is only a potential conflict—such that a rational defendant could knowingly and intelligently desire the conflicted lawyer's representation—the court should obtain from the defendant a valid waiver of his right to a non-conflicted lawyer. If, however, the court finds that no conflict exists at all, the court has no further obligation.*
>
> *When the court asks the defendant whether he will waive the conflict, the defendant "must be aware of the conflict, realize the consequences to his defense that continuing with counsel under the onus of a conflict could have, and also be aware that he has the right to obtain other counsel." United States v. Levine, 794 F.2d 1203, 1206 (7th Cir.1986). Because a defendant may waive his right to counsel, the defendant may also waive the right to counsel free from serious conflicts of interest.*

The government believes that if the defendant declines independent counsel the Court can sufficiently address the conflict and waiver as described in *Edelmann*.  For the Court's convenience, the government has attached the relevant pages of the *Edelmann* opinion.

The government does not contend that Mr. Banks's consultation with Mr. Jones creates a conflict for Suhl's other counsel.


Given that the Court already selected July 11 as the date for any necessary hearings on motions in limine and based on the defense's representation that Mr. Suhl will waive any conflict, if more convenient for the Court the government believes that this issue could be fully resolved on July 11 without jeopardizing the trial date.

-John


John D. Keller
Trial Attorney | Public Integrity Section
Criminal Division | United States Department of Justice
1400 New York Avenue NW | Washington, D.C. 20005
202.598.2231 (T) | 202.514.3003 (F)