

**RE: United States v. Suhl, 4:15-CR-00300-BRW**

Matt Morgan  to: Cary, Rob, Vaughn, Amanda (CRM), Romain, Alex, bookerfirm@gmail.com, Chuck Banks, hickslawoffice@yahoo.com, Keller, John   06/22/2016 09:12 AM

Cc: "Melanie_Beard@ared.uscourts.gov", jay.tuck, "todudley@swbell.net"
Bcc: Forrest Dunn

Dear Counsel:

We will have the hearing next Tuesday, June 28, 2016 at 10:00.  I am asking Mr. Dudley to remain on standby just in case I decide to appoint independent counsel to make absolutely sure we don't have a ripple at the trial.

I assume that, if Mr. Jones waives all conflicts, Mr. Banks and his co-counsel would be unfettered in their cross-examination of Mr. Jones if he appears as a witness during the trial.  If my assumption is incorrect, I should be disabused as soon as possible.

I have learned that Mr. Dudley is recovering from a rotator cuff surgery.  It seems to me it would be good exercise for him to appear in court, so I may ask him to attend, depending on where my course of thinking leaves me and depending on what else I might hear from respective counsel.

As all of you will have readily discerned, I  want to resolve this issue, in full, next Tuesday, one way another.

Cordially,

B.R. Wilson

---

"Cary, Rob"   Judge Wilson: The Government concedes the fo...   06/22/2016 08:40:25 AM

From:    "Cary, Rob" <RCary@wc.com>
To:      "Vaughn, Amanda (CRM)" <Amanda.Vaughn@usdoj.gov>, "matt_morgan@ared.uscourts.gov" <matt_morgan@ared.uscourts.gov>, "Keller, John (CRM)" <John.Keller2@usdoj.gov>, "Romain, Alex" <ARomain@wc.com>, "bookerfirm@gmail.com" <bookerfirm@gmail.com>, Chuck Banks <cbanks@bankslawfirm.us>, "hickslawoffice@yahoo.com" <hickslawoffice@yahoo.com>, "Bell, Lauren (CRM)" <Lauren.Bell2@usdoj.gov>, "Latcovich, Simon" <SLatcovich@wc.com>, "Harris, Thomas" <THarris@wc.com>, "todudley@swbell.net" <todudley@swbell.net>,
Cc:      "Melanie_Beard@ared.uscourts.gov" <Melanie_Beard@ared.uscourts.gov>
Date:    06/22/2016 08:40 AM
Subject: RE: United States v. Suhl, 4:15-CR-00300-BRW

Judge Wilson:

The Government concedes the following in their email of yesterday evening (below):
- The case law does not require the appointment of independent counsel, and
- The Sixth Amendment does not preclude Mr. Banks from representing Mr. Suhl at trial so long as Mr. Suhl waives on the record.

Mr. Suhl is prepared to put a waiver on the record at the Court's convenience.  In light of this fact and in light of the Government's concessions of yesterday evening, we believe that doing so should put this matter to rest.

Respectfully,

Rob Cary

**Robert M. Cary**
**Williams & Connolly LLP**
725 Twelfth Street, N.W., Washington, D.C. 20005
(P) 202-434-5175 |(F) 202-434-5029
RCary@wc.com |www.wc.com/rcary

**From:** Vaughn, Amanda (CRM) [mailto:Amanda.Vaughn@usdoj.gov]
**Sent:** Tuesday, June 21, 2016 9:10 PM
**To:** matt_morgan@ared.uscourts.gov; Keller, John (CRM) <John.Keller2@usdoj.gov>; Romain, Alex <ARomain@wc.com>; bookerfirm@gmail.com; Chuck Banks <cbanks@bankslawfirm.us>; hickslawoffice@yahoo.com; Bell, Lauren (CRM) <Lauren.Bell2@usdoj.gov>; Cary, Rob <RCary@wc.com>; Latcovich, Simon <SLatcovich@wc.com>; Harris, Thomas <THarris@wc.com>; todudley@swbell.net
**Cc:** Melanie_Beard@ared.uscourts.gov
**Subject:** RE: United States v. Suhl, 4:15-CR-00300-BRW

Your Honor,

As noted in our 5:54 p.m. email, given Mr. Suhl's objection to the appointment of independent counsel, we believe the procedures outlined in *Edelmann* are sufficient to address the conflict even in the absence of independent counsel. The government thought independent counsel would be the best course to ensure any advice on a potential conflict would not be provided by counsel laboring under the conflict at issue. We are of the view, however, that while the case law requires an inquiry and a waiver on the record per *Edelmann*, it does not require consultation with independent counsel.

If both Mr. Jones and Mr. Suhl waive the conflict there is no remaining issue, although Mr. Banks would still be barred from using any confidential information he received from Mr. Jones in his representation of Mr. Suhl. Further, if Mr. Suhl waives and Mr. Jones does not, the government does not believe that the Sixth Amendment precludes Mr. Banks from representing Mr. Suhl at trial.

The government maintains its belief that a colloquy on the record is the best course for addressing this issue.

Amanda

Amanda R. Vaughn
Trial Attorney
Public Integrity Section
U.S. Department of Justice
1400 New York Ave, NW, 12th Floor
Washington, D.C. 20005
(202) 616-4530 (office)
(202) 714-4232 (cell)

**From:** matt_morgan@ared.uscourts.gov [mailto:matt_morgan@ared.uscourts.gov]
**Sent:** Tuesday, June 21, 2016 8:26 PM
**To:** Keller, John (CRM) <John.Keller@CRM.USDOJ.GOV>; Vaughn, Amanda (CRM) <Amanda.Vaughn@CRM.USDOJ.GOV>; aromain@wc.com; bookerfirm@gmail.com; Chuck Banks <cbanks@bankslawfirm.us>; hickslawoffice@yahoo.com; Bell, Lauren (CRM) <Lauren.Bell@CRM.USDOJ.GOV>; rcary@wc.com; slatcovich@wc.com; tharris@wc.com; todudley@swbell.net
**Cc:** Melanie_Beard@ared.uscourts.gov
**Subject:** RE: United States v. Suhl, 4:15-CR-00300-BRW

These things are on my mind.

Can independent counsel consult with anyone other than Mr. Suhl? If not, why not?

If Mr. Jones and Mr. Suhl waive any conflict, is there still a problem of any nature, if so, what?

It seems untoward to me that the prosecution can set in force a procedure which would require appointment of independent counsel; yet the government has no procedure or provision whereby it can compensation independent counsel.

Unless the prosecution can cite me to some authority that prohibits this, I might order government to pay independent counsel's fee (assuming independent counsel is appointed) and let the Eighth Circuit decide whether I had this authority. Surely there is some provision or procedure where the government has paid for independent counsel in cases such as this. If there is not, there ought to be.

Please respond to the above forthwith. If I recall, Mr. Banks may be out of pocket Wednesday and Thursday, but I assume his co-counsel and provide suggestions in his absence.

Keep those cards and letters coming. I want to be more fully advised in the premises since this is somewhat of an unusual situation (at least for me).

In view of the issues presented, it is crucially important that Mr. Jones and at least one of his lawyers be present next week.

Unless my view changes, I believe we will need to have the hearing next week rather than wait until the 11th.

If both Mr. Jones and Mr. Suhl provide affidavits waiving any and all potential conflicts, would this remove the necessity for a hearing next week?

Cordially,

B.R. Wilson

P.S. Some answers may have been provided by the prosecution's email of 5:54 today since it was sent

after the above was dictated.


| | |
|---|---|
| From: | "Keller, John (CRM)" <John.Keller2@usdoj.gov> |
| To: | Chuck Banks <cbanks@bankslawfirm.us>, |
| Cc: | "matt_morgan@ared.uscourts.gov" <matt_morgan@ared.uscourts.gov>, "Vaughn, Amanda (CRM)" < Amanda.Vaughn@usdoj.gov>, "aromain@wc.com" <aromain@wc.com>, "bookerfirm@gmail.com" <bookerfirm@gmail.com>, " hickslawoffice@yahoo.com" <hickslawoffice@yahoo.com>, "Bell, Lauren (CRM)" <Lauren.Bell2@usdoj.gov>, "rcary@wc.com" < rcary@wc.com>, "slatcovich@wc.com" <slatcovich@wc.com>, "tharris@wc.com" <tharris@wc.com>, "todudley@swbell.net" < todudley@swbell.net>, "Melanie_Beard@ared.uscourts.gov" <Melanie_Beard@ared.uscourts.gov> |
| Date: | 06/21/2016 05:54 PM |
| Subject: | RE: United States v. Suhl, 4:15-CR-00300-BRW |

Your Honor,

The government does not contend that this conflict requires the withdrawal of Mr. Banks, if Mr. Suhl waives the conflict after being advised of his rights, pursuant to Arkansas Rule of Professional Conduct 1.18(d).  The government's only interest is having the conflict addressed fully on the record so  that there is no confusion later as to what Mr. Suhl knew or understood.  Under the same rule, Mr. Jones also would need to waive, but Mr. Jones's waiver does not implicate Mr. Suhl's Sixth Amendment right to conflict-free counsel.

The government understands the potential conflict as follows: (1) Mr. Banks has a duty of loyalty to both Mr. Jones as a former prospective client who the government understands shared confidential information with Mr. Banks and to Mr. Suhl, his current client; (2) If Mr. Jones were to testify inconsistently with what he told Mr. Banks during their consultation(s), Mr. Banks would have valuable impeachment information; (3) this would put Mr. Banks in the position of having to choose between his duty of loyalty to Mr. Jones and his duty of loyalty to Mr. Suhl—on the one hand, Mr. Banks's duty of loyalty to Mr. Jones would bar him from using or sharing the information with Mr. Suhl or his other counsel; on the other hand, Mr. Banks's duty of loyalty to Mr. Suhl would require him to use or share the information.

The Eighth Circuit in *United States v. Edelmann*, 458 F.3d 791, 807 (8th Cir. 2006) set out the procedure that the government contends is applicable here:

*Whenever the court's inquiry reveals that a criminal defendant's attorney in fact suffers from an actual or potential conflict, the court has a subsequent 'disqualification/waiver' obligation. If the court discovers that the attorney suffers from a severe conflict—such that no rational defendant would knowingly and intelligently desire the conflicted lawyer's representation—the court is obligated to disqualify the attorney. If the conflict is only a potential conflict—such that a rational defendant could knowingly and intelligently desire the conflicted lawyer's representation—the court should obtain from the defendant a valid waiver of his right to a non-conflicted lawyer. If, however, the court finds that no conflict exists at all, the court has no further obligation.*

*When the court asks the defendant whether he will waive the conflict, the defendant "must be aware of the conflict, realize the consequences to his defense that continuing with counsel under the onus of a conflict could have, and also be aware that he has the right to obtain other counsel." United States v. Levine, 794 F.2d 1203, 1206 (7th Cir.1986). Because a defendant may waive his right to counsel, the defendant may also waive the right to counsel free from serious conflicts of interest.*

The government believes that if the defendant declines independent counsel the Court can sufficiently address the conflict and waiver as described in *Edelmann*. For the Court's convenience, the government has attached the relevant pages of the *Edelmann* opinion.

The government does not contend that Mr. Banks's consultation with Mr. Jones creates a conflict for Suhl's other counsel.

Given that the Court already selected July 11 as the date for any necessary hearings on motions in limine and based on the defense's representation that Mr. Suhl will waive any conflict, if more convenient for the Court the government believes that this issue could be fully resolved on July 11 without jeopardizing the trial date.

-John


John D. Keller
Trial Attorney | Public Integrity Section
Criminal Division | United States Department of Justice
1400 New York Avenue NW | Washington, D.C. 20005
202.598.2231 (T) | 202.514.3003 (F)

This message and any attachments are intended only for the addressee and may contain information that is privileged and confidential. If you have received this message in error, please do not read, use, copy, distribute, or disclose the contents of the message and any attachments. Instead, please delete the message and any attachments and notify the sender immediately. Thank you.