**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

**UNITED STATES OF AMERICA**

**VS.**                                    **4:15-CR-00300-01-BRW**

**THEODORE E. SUHL**

**ORDER**

With regard to aggregating amounts under 18 U.S.C. § 666, the Eighth Circuit in *United States v. Hines* wrote:

> The series of transactions so charged must fall within a one-year period wherein the government agency or organization received $10,000 or more in federal funds. Significant longstanding schemes that extend for longer than one year, such as the one that took place [in this case], may be charged in multiple counts so long as the $5,000 requirement is met in each one-year time period.[1]

The Sixth Circuit apparently adopted the same view in *United States v. Valentine*.[2]

If I were writing on a clean slate I would interpret the statute differently – the statute is not a model of clarity in my view. My thinking comports with Judge Siler in his dissent, which I now quote in its entirety:

> I respectfully dissent, as I feel that the majority is limiting 18 U.S.C. § 666 more than is justified, either by reading the statute itself or through the legislative history.

> The jurisdictional requirement of the statute is that the organization receive benefits worth more than $10,000.00 under a federal program in a one-year period. 18 U.S.C. § 666(b). Then, the offense occurs when the accused takes property that is worth $5,000.00 or more. The statute does not mention that the theft has to occur during a one-year period, or that the one-year period has to be the same as that listed in § 666(b). The purpose of promulgating this statute, in part, was to augment the more restrictive theft provisions of 18 U.S.C. § 641, which requires that the property stolen belongs to the United States. *See United States v. Sanderson*, 966 F.2d 184, 188 (6th Cir.1992).

---

[1] 541 F.3d 833, 837 (8th Cir. 2008) (citations omitted).

[2] 63 F.3d 459, 464 (6th Cir. 1995).

Although the majority opinion indicates that the intent of Congress was to prosecute "significant acts of theft," that is explicit in the statute, which has a threshold of $5,000.00.  The theft is significant when it exceeds $5,000.00.  However, there is no reason why the theft could not occur over a period of time or through several transactions.  *See id.* Therefore, I disagree with the majority's conclusion that the statute requires the $5,000.00 theft to occur during a one-year period.  The statute only requires that the theft overlap with the one-year time frame set out in § 666(b).[3]

However cogent this dissent, it is a dissent, and appears to me to run counter to the Eighth Circuit decision in *Hines*.

Even though I disagree with the Eighth Circuit language quoted above (and with the majority in the Sixth Circuit case), I believe I am bound by the Eighth Circuit interpretation ("When the big dog barks, the little dog must run back under the porch.").

I will give the Prosecution one last change to persuade me otherwise.  If it wishes to do so, please submit a brief of not more than three pages by noon (CST), this Friday, June 24, 2016.

Otherwise, I'm very likely to grant Defendant's motion with respect to Count 5.

If perchance, the Prosecution does dissuade me from my current thinking, I will give the defense one last shot at turning me back around.

IT IS SO ORDERED this 22nd day of June, 2016.


/s/ Billy Roy Wilson_____
UNITED STATES DISTRICT JUDGE

---

[3]*Id.* at 467 (Siler, dissenting).